Argued and submitted July 19, 2004, reversed February 9, 2005

Courtney Millay HULBURT,
*Respondent,*

*v.*

Lamar Alvin DELANEY, Jr.,
*Appellant.*

0210-10207; A120426

106 P3d 171

Robert M. Snee argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner sought a permanent stalking protective order pursuant to ORS 30.866(1) against a neighbor with whom she had a boundary dispute. After the hearing, the court entered the requested order, and respondent appeals. We reverse.

ORS 30.866 (2001)[1] provides, in part:

"(1)  A person may bring a civil action in a circuit court for a court's stalking protective order * * * against another person if:

"(a)  The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(b)  It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c)  The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

"(2)  At the time the petition is filed, the court, upon a finding of probable cause based on the allegations in the petition, shall enter a temporary court's stalking protective order that may include, but is not limited to, all contact listed in ORS 163.730. The petition and the temporary order shall be served upon the respondent with an order requiring the respondent to personally appear before the court to show cause why the temporary order should not be continued for an indefinite period.

"* * * * *

"(7)  Proof of the claim shall be by a preponderance of the evidence."

The trial court entered a judgment for a permanent stalking protective order. The judgment found "probable

---

[1] ORS 30.866 was amended by Oregon Laws 2003, chapter 292, section 3. Those amendments do not affect our analysis.

cause" that respondent knowingly engaged in repeated and unwanted contact with petitioner or members of her immediate family, that it was objectively reasonable for petitioner to be alarmed or coerced by respondent's contact, and that the repeated and unwanted contact caused petitioner reasonable apprehension regarding her personal safety or the safety of a member of her immediate family or household. The judgment is defective because it found only probable cause to believe that respondent committed the alleged acts. The trial court made no findings by a preponderance of the evidence that respondent actually engaged in the unwanted contact. We accordingly reverse the judgment.

Reversed.